[No. 6750.]

WATKINS ET AL. V. ADAMS.

1. WITNESS—*Competency of Party*—In an action against the survivors of a partnership the plaintiff is not a competent witness to testify to a contract made, or conversation had, with the deceased partner, not in the presence of any of the survivors.

2. PARTNERSHIP—*Death of Partner*—*Effect*—The death of one partner dissolves the partnership. The administrator of the deceased partner has no authority to bind the surviving partner.

*Error to Teller County Court.*—Hon. THORNTON H. THOMAS, Judge.

Mr. FRED L. SHAW, for plaintiffs in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The action is against surviving partners to recover for services said to have been rendered by plaintiff, under a contract of employment, made with the deceased member thereof. The only witness sworn was the plaintiff, who, to prove the contract and fix liability upon the partnership, was allowed to testify, over objection, to conversations between himself and the deceased partner. The contract and the terms thereof were established by these conversations alone. Objection to this testimony was made under section 7269, Revised Statutes, 1908, which is as follows:

"Conversation of deceased partner—When admitted.— Sec. 4. That in any action, suit or proceeding, by or against any surviving partner or partners, joint contractor or contractors, no adverse party or person adversely interested in the event thereof, shall, by virtue of section one of this act,

be rendered a competent witness to testify to any admission or conversation by any deceased partner or joint contractor, unless some one or more of the surviving partners or joint contractors were also present at the time of such admission or conversation."

There is no attempt to show that these conversations were had in the presence of the surviving partners or either of them, or that either had knowledge of them; indeed, there is no such claim. Under the circumstances disclosed this evidence was, by the express terms of the statute, inadmissible. The purpose of the statute is wise and wholesome, to the end that a surviving co-partner may be protected from injury and wrong, which otherwise might easily be perpetrated. Since the alleged claim is supported by improper and incompetent testimony only, the judgment in favor of plaintiff was unwarranted.

In discussing this statute in *Savard v. Herbert,* 1 Colo. App. at page 447, the court said:

"Section 3643 (R. S. 1908, sec. 7269), clearly indicates, that where the suit is brought against any surviving partner or joint contractor, that the testimony relative to any admission or conversation by the deceased person or joint contractor shall not be admitted *unless some one or more of the surviving partners or joint contractors were present at the time of the admission or conversation."*

The record further shows that a portion at least, but how much it does not disclose, of the judgment recovered was for services rendered after the death of Higbee, under an independent contract with Mrs. Higbee, as administratrix of the estate of her husband. Upon no theory could a liability for such service be legally fastened upon the partnership, which had been dissolved *ipso facto* by the death of Higbee.

For the reasons stated the judgment must be reversed. It is so ordered and the cause remanded.

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.